IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SUNSHINE DEVELOPMENT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-22C |
| | ) | (Judge Hewitt) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint, defendant admits, denies, and asserts as follows:

1. The allegations contained in paragraph 1 constitute plaintiff’s characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

2. Denies the allegations contained in paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth.

3. Admits.

4. The allegations contained in paragraph four are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the document cited, which is the best evidence of its contents; otherwise they are denied.

5. Admits the allegation contained in the first sentence of paragraph five, that more than 60 days have elapsed since plaintiff sent a letter to the Postal Service on October 12,

2007, seeking a "final contracting officer's decision." The remaining allegations contained in paragraph five are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

6. Denies.

7. The allegations contained in paragraph seven are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

8. Admits the allegations contained in paragraph eight to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph eight.

9. Admits the allegations contained in paragraph nine to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph nine.

10. Admits.

11. Admits the allegation contained in paragraph 11 to the extent supported by the parties' lease, which is the best evidence of its contents; otherwise denies the allegation contained in paragraph 11.

12. Admits the allegations contained in paragraph 12 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in

paragraph 12.

13. Admits the allegations contained in the first and second sentences of paragraph 13. Admits the allegation contained in the third sentence of paragraph 13 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegation contained in the third sentence of paragraph 13.

14. Denies the allegation contained in the first sentence of paragraph 14 for lack of knowledge or information sufficient to form a belief as to its truth. Admits the allegations contained in the second sentence of paragraph 14 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 14.

15. Denies.

16. Admits the allegation contained in paragraph 16 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegation contained in paragraph 16.

17. The allegation contained in paragraph 17, that Sunshine submitted a “claim” pursuant to the Contract Disputes Act to the USPS is a conclusion of law, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied. Defendant admits the remainder of the allegations contained in

paragraph 17 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the remainder of the allegations contained in paragraph 17.

18. Admits.

19. Denies the allegation contained in the first sentence of paragraph 19. Admits the allegation contained in the second sentence of paragraph 19 that "[t]he Postal Service maintains that it is entitled to acquire the Property for a payment of $90,000." The remaining allegation contained in the second sentence of paragraph 19 is a conclusion of law, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

20. The allegations contained in paragraph 20 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

21. Defendant repeats and reasserts its responses to the allegations contained in paragraphs 1 through 20 herein.

22. The allegation contained in paragraph 22 is a conclusion of law, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

23. The allegation contained in paragraph 23 is a conclusion of law, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

24. The allegations contained in paragraph 24 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

25. The allegations contained in paragraph 25 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

26. The allegations contained in paragraph 26 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

Denies that plaintiff is entitled to the relief requested in its prayer for relief immediately following paragraph 26, including the relief requested in subparagraphs (1) through (5) following paragraph 26, or to any relief whatsoever.

27. Defendant repeats and reasserts its responses to the allegations contained in paragraphs 1 through 20 herein.

28. The allegation contained in paragraph 28 is a conclusion of law, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

29. The allegation contained in paragraph 29 is a conclusion of law, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

Denies that plaintiff is entitled to the relief requested in its prayer for relief immediately following paragraph 29 or to any relief whatsoever.

30. Defendant repeats and reasserts its responses to the allegations contained in paragraphs 1 through 20 herein.

31. Admits the allegation contained in paragraph 31 to the extent supported by the parties' lease, which is the best evidence of its contents; otherwise denies the allegation contained in paragraph 31.

32. Admits the allegation contained in paragraph 32 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegation contained in paragraph 32.

33. Admits.

34. The allegation contained in paragraph 34 is a conclusion of law, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

35. Denies.

Denies that plaintiff is entitled to the relief requested in its prayer for relief immediately following paragraph 35 or to any relief whatsoever.

36. Defendant repeats and reasserts its responses to the allegations contained in paragraphs 1 through 20 herein.

37. The allegation contained in paragraph 37 is a conclusion of law, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

38. Admits the allegation contained in paragraph 38 to the extent supported by the lease cited, which is the best evidence of its contents; otherwise denies the allegation contained in paragraph 38.

39. Admits the allegation contained in paragraph 39, that "[t]he Postal Service continues to occupy and utilize the Property following the expiration of the current Lease term;" the remaining allegations contained in paragraph 39 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

40. Denies.

41. Denies that plaintiff is entitled to the relief requested in its prayer for relief immediately following paragraph 40 or to any relief whatsoever.

42. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Martin F. Hockey, Jr.

MARTIN F. HOCKEY, JR.
Assistant Director

s/ Lauren S. Moore

LAUREN S. MOORE
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 616-0333
Facsimile: (202) 514-8640

Attorneys for Defendant

OF COUNSEL:

MICHEAL F. KIELY
Attorney
United States Postal Service
Law Department

APRIL 14, 2008

**CERTIFICATE OF ELECTRONIC FILING**

I hereby certify that on the 14th day of APRIL, 2008, a copy of the foregoing "DEFENDANT'S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system, and that the parties may access this filing through the Court's system.

/s/ Lauren S. Moore