IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SUNSHINE DEVELOPMENT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-22C |
| | ) | (Judge Hewitt) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO STAY PROCEEDINGS

Defendant, the United States, respectfully requests that the Court stay further proceedings in this action pending the resolution of the largely identical issue in United States Postal Service v. Sunshine Development, Inc., No. CV 107-CV-2101 (M.D. Pa.), currently pending before the United States District Court for the Middle District of Pennsylvania. A decision in that case would be dispositive of the issues presented in this case. A stay is therefore appropriate in this case because: (1) all of plaintiff's claims against the Government can be resolved through the earlier filed district court proceeding; (2) plaintiff has a minimal interest, if any, in litigating the same issues in two fora at the same time, while the interests of the Government, the Court, and other litigants weigh in favor of a stay; and (3) a stay will eliminate the possibility of conflicting decisions. For these reasons, the United States requests the Court stay any further action in this case pending the resolution of United States Postal Service v. Sunshine Development, Inc., No. CV 107-CV-2101 (M.D. Pa.). Counsel for

plaintiff, Sunshine Development, Inc. ("Sunshine") has stated that Sunshine opposes this motion.

ARGUMENT

The United States Court of Appeals for the Federal Circuit and other courts have recognized a strong policy disfavoring duplicative litigation. Far West Federal Bank, S.B. v. Director, Office of Thrift Supervision, 930 F.2d 883, 891 (Fed. Cir. 1991); Rogers v. Desiderio, 58 F.3d 299, 300 (7th Cir. 1995); Crosley Corp. v. Hazeltine Corp., 122 F.2d 925, 930 (3rd Cir. 1941). As the United States Court of Appeals for the Third Circuit stated,

> The economic waste involved in duplicating litigation is obvious. Equally important is its adverse effect upon the prompt and efficient administration of justice. In view of the constant increase in judicial business in the federal courts . . . public policy requires us to seek actively to avoid the waste of judicial time and energy.

Crosley, 122 F.2d at 930.

In light of this policy, courts have discretion to enter a stay pending the outcome of a proceeding in another tribunal which bears upon the case. See e.g., Haustechnik v. United States, 34 Fed. Cl. 740, 744-45 (1996)(granting stay pending outcome of litigation pending in a foreign country); Truckee-Carson Irrigation District v. United States, 223 Ct. Cl. 684, (1980)(granting stay pending outcome of litigation in district court); Dresser v. Ohio Henpery, 2004 WL 464895, at *5 (E.D. La. 2004)(granting stay pending outcome of administrative proceed-

ing); Novartis Corp. v. Dr. Reddy's Laboratories, Ltd., 2004 WL 2368007, at *3 (S.D.N.Y. 2004)(same); Gollis v. Garrett, 819 F. Supp. 446, 450 (E.D. Pa. 1993)(same). In the instant case, several factors weigh in favor of a stay pending the outcome of the district court proceeding.

### A. All of Sunshine's Claims Against the Government Can Be Resolved Through The District Court Proceeding

A stay is appropriate in this case because all of Sunshine's claims against the Government can be resolved through the district court proceeding. When identical issues are dispositive in two different tribunals, it is appropriate for one tribunal to enter a stay pending the outcome of the other proceeding. See, e.g., Fadem v. United States, 13 Cl. Ct. 328, 334 (1987). In Fadem, the plaintiff brought a taking claim in this Court which he had also brought earlier in the district court. Id. This Court entered a stay, concluding that "Count IV is, after all, another taking claim, to the extent that the 1971 resurvey involved is declared to be valid and binding by appropriate authority. Thus, this Court will stay Count IV . . . until . . . the District Courts have acted in the two cases currently before them." Id.

A stay is appropriate in this case because the controlling issue to be resolved in the district court case is the same in this case. That issue is whether actions taken by the United States Postal Service ("USPS") to purchase the subject property

were a valid exercise of the purchase option under the parties' lease agreement. In the district court case, the USPS filed a complaint on or about November 16, 2007, asserting that its actions were a valid exercise of the purchase option under the lease, and thus the parties have a valid contract requiring Sunshine to sell the subject property to the USPS for the price stated in the lease agreement. App. 1-8. Here, plaintiff's complaint, filed subsequent to the district court action, on January 11, 2008, presents the identical issue: whether the USPS's actions were a valid exercise of the purchase option under the parties' lease.[1] Consequently, the cases require resolution of the same issue and a stay of proceedings in appropriate in this case.

B. Plaintiff Has A Minimal Interest, If Any, In Litigating The Same Claims In Two Fora At The Same Time, While The Interests of the Government, the Court, and Other Litigants Weigh In Favor Of A Stay

Counsel for Sunshine has stated that plaintiff is opposed to a stay of proceedings in this case. Counsel has not explained why, however, Sunshine desires to litigate the same issue in two

[1] Although Sunshine also presents a claim for the USPS's alleged "holdover tenancy" in this action, the resolution of this issue is dependent upon the first, controlling issue whether the USPS properly exercised its purchase option under the parties' lease. Similarly, Sunshine's claim in this action that the USPS's actions constitute a "taking" of plaintiff's property, is dependent upon the resolution of the core issue, whether the USPS properly exercised its purchase option under the lease.

Federal courts at the same time.

In deciding whether to grant a stay, the Court should consider the interests of the party seeking the stay, the interests of the Court, and the interests of other litigants who are not a party to the instant suit. Rogers v. Desiderio, 58 F.3d at 300. Sunshine's suit here is in its infancy - the Court has not yet scheduled a preliminary status conference, and the parties have not submitted a joint preliminary status report. The vast majority of the work that would have to be done in this Court has yet to be done, including any necessary discovery, dispositive motions, and preparation for trial, and trial itself.

In the district court action, however, the parties have filed a detailed Joint Case Management Plan with the court. App. 9-23. The Joint Case Management Plan is 15 pages long, and includes a recitation of the facts of the case by each party, the disputed and undisputed factual and legal issues to be resolved by the district court, relevant disclosures, and discovery that the parties expect to undertake. On April 17, 2008, the district court judge issued a Case Management Order, setting deadlines for discovery, dispositive motions, and trial if necessary. App. 24-31. The parties are in the discovery stage in that case. Id.

Clearly, it would be unnecessarily duplicative for the parties here to repeat the exercise just completed in the district court. The Government and the Court would expend a

considerable amount of time and resources to resolve the duplicative issue, time and resources that could be conserved by entering a stay in favor of the district court proceeding. See, e.g. Novartis v. Dr. Reddy's Laboratories, Ltd., 2004 WL 2368007 at *3 (granting stay of case when motion for stay was brought relatively early in the litigation); New York Power Authority v. United States, 42 Fed. Cl. 795, 802 (1999)(same).

Furthermore, considerations of the Court's own docket and the interests of other litigants weigh in favor of a stay. See, e.g. Mediterranean Enterprises, Inc. v. Ssangyong Corp., 708 F.2d 1458, 1465, (9th Cir. 1983)(affirming a stay based upon the trial court's "inherent power to control its own docket and calendar"); Rogers v. Desiderio, 58 F.3d at 300 (stating that the harms of duplicative litigation include a longer queue for other litigants). While it is doubtful that Sunshine will benefit from a second proceeding to consider the same issue presented in the district court litigation, it is certain that simultaneous proceedings will harm the interests of other litigants who must wait longer for their claims to be resolved because of the needless duplication.

C. A Stay Will Eliminate The Possibility Of Conflicting Decisions

Numerous courts have entered stays pending the outcome of proceedings in other fora, based in part upon the potential for conflicting decisions. See, e.g. Oak Forest, Inc. v. United States, 23 Cl. Ct. 90, 98 (1991); Armstrong v. United States, 4 Cl. Ct. 269, 271 (1984); Haustechnik v. United States, 34 Fed. Cl. at 745; Northrup Corp. v. United States, 27 Fed. Cl. 795, 802 (1993). The potential for conflicting decisions would exist here as well if the district court and this Court were to proceed simultaneously regarding the same claims. This potential provides a further reason that this Court should enter a stay pending the outcome of the district court proceeding.

CONCLUSION

For the foregoing reasons, we respectfully request that our motion for a stay of proceedings be granted.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Martin F. Hockey, Jr.

MARTIN F. HOCKEY, JR.
Assistant Director

s/ Lauren S. Moore

LAUREN S. MOORE
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 616-0333
Fax: (202) 514-8640

Attorneys for Defendant

OF COUNSEL:

MICHAEL F. KIELY
Attorney
United States Postal Service
Law Department

MAY 6, 2008

# APPENDIX

INDEX TO DEFENDANT'S APPENDIX


| Document | Page(s) |
| --- | --- |
| 1. Complaint filed in United States District Court for the Middle District of Pennsylvania ("district court"), dated November 16, 2007 | 1-8 |
| 2. Joint Case Management Plan filed with district court, dated April 11, 2008 | 9-23 |
| 3. Case Management Order, dated April 17, 2008 | 24-31 |

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES POSTAL SERVICE,** | : | **Civil No.** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **J.** |
| | : | |
| **SUNSHINE DEVELOPMENT, INC.,** | : | |
| | : | |
| **Defendant.** | : | **Filed Electronically** |

## COMPLAINT

PARTIES

1. The United States Postal Service (the "U.S.P.S."), an independent establishment of the executive branch of the Government of the United States, 39 U.S.C. §§ 201, 409(d), seeks specific performance of a contract for the sale of a certain parcel of real estate.

2. Sunshine Development, Inc. ("Sunshine"), a corporation existing under the laws of the Commonwealth of Pennsylvania, contrary to agreement, refuses to provide the U.S.P.S. with title to the property situated at 308 Lincoln Way East, Chambersburg, Pennsylvania 17201.

JURISDICTION

3. This Court has jurisdiction pursuant to 39 U.S.C. § 409(a), which provides that United States District Courts have original jurisdiction over all actions brought by the U.S.P.S.

VENUE

4. Venue in this District is appropriate pursuant to 28 U.S.C. § 1391(a) because the parcel of real estate that is the subject matter of this specific performance action is located in Chambersburg, Pennsylvania, which is within this District.

5. Venue in this District is appropriate for the additional and independent reason that the sole Defendant Sunshine conducts business from an address in Waynesboro, Pennsylvania, which is also located within this District.

BACKGROUND

6. On November 7, 1962, Sunshine entered into a lease ("the Lease") as "the Lessor" with the United States of America, called therein "the Government." The Lease is attached hereto as Exhibit A.

7. The U.S.P.S. did not exist in 1962.

8. The Lease contained renewal options allowing the Government to extend the term by one ten-year period and four five-year periods at specified rental rates.

9. The Lease also contained a purchase option (the "1962 Lease Purchase Option") in paragraph 16 that provides in pertinent part:

> In consideration of the award of this lease contract, the Government shall have the option to purchase the fee simple title to the leased premises, including the underlying land at the following respective times and prices
>
> * * *
>
> all in accordance with any applicable Federal statutes in effect now or hereafter while this lease is in effect; provided, however, that the Government shall give the Lessor notice of election to purchase at least one year in advance of the respective times set out next above.

Id.

10. One of the "respective times and prices" specified in the 1962 Lease Purchase Option was October 14, 2007, which is the end date of the fourth five-year renewal period, and the price was for $90,000.00.

11. The 1962 Lease Purchase Option did not identify any specific individual for giving the notice of election to purchase on behalf of the Government, and did not identify any specific individual as being inappropriate for giving notice of the election to purchase.

12. In August 1970, the U.S.P.S. was created. See 39 U.S.C. § 201.

13. There was no amendment to the 1962 Lease Purchase Option that required any specific individual to give the notice of election on behalf of the U.S.P.S.

14. On July 1, 1981, a Lease amendment was signed by Sunshine and the U.S.P.S. (the "1981 Amendment"). The 1981 Amendment is attached as Exhibit B.

15. The 1981 Amendment included a second purchase option (the "Amendment Purchase Option") that differed from the 1962 Lease Purchase Option.

16. Neither Sunshine nor the U.S.P.S. intended that the Amendment Purchase Option would replace or eliminate the 1962 Lease Purchase Option, but rather the U.S.P.S. would have both options. Paragraph 8 of the 1981 Amendment provided in pertinent part:

> This option is in addition to any other purchase options available under the lease of this property.

Id.

17. By March 2006, the U.S.P.S. began preparing to purchase the property under the 1962 Lease Purchase Option.

18. Mr. Tom Russell, Manager of the U.S.P.S. Eastern Facilities Service Office, was a duly authorized contracting officer with $5,000,000.00 in acquisition authority.

19. Mr. Russell instructed U.S.P.S. Real Estate Specialist Dennis Perry to begin the process for acquiring the facility.

20. Mr. Perry kept the appropriate U.S.P.S. personnel advised as to his progress in this acquisition process, including Ms. Jean Scholl Berg, Real Estate Manager of the U.S.P.S. Eastern Area Facilities Service Office, who was also a duly authorized U.S.P.S. contracting officer with $5,000,000.00 in acquisition authority.

21. On September 27, 2006, Mr. Perry sent written notice to the Lessor stating in pertinent part:

> This notice is provided pursuant to the terms of the subject lease, as amended. . . . This lease also contains . . . a Purchase Option Rider which gives the US Postal Service the opportunity to purchase the Chambersburg Main Post Office at the end of the third 5-year renewal option term which date will occur October 14, 2007. See paragraph 16.(5) of the original lease. . . . This letter is to notify you that the US Postal Service pursuant to the aforesaid provision, will be exercising its purchase rights to the subject property located at 308 Lincoln Way East Chambersburg, PA 17201.

Id. The September 27, 2006 letter is attached as Exhibit C.

22. By letter of October 18, 2006, Mr. Nickson Oyer, the president of Sunshine replied, acknowledging that "the U.S. Postal Service wishes to exercise its option to purchase the subject property at 308 Lincoln Way East, Chambersburg, PA 17201; but he erroneously referred to the Amendment Purchase Option.

23. By letter of December 6, 2006, Mr. Perry confirmed to Mr. Oyer that the 1962 Lease Purchase Option had been exercised rather than the Amendment Purchase Option.

24. For more than six months after Mr. Perry had sent the December 6, 2006 letter, Sunshine sent no further correspondence.

25. By letter of May 22, 2007, an attorney representing Sunshine advised that Sunshine would not comply with the 1962 Lease Purchase Option.

26. Sunshine confirmed its refusal to comply with the 1962 Lease Purchase Option in additional correspondence between its attorneys and the U.S.P.S. Law Department.

27. On October 5, 2007, the U.S.P.S. issued Check Number 0305495318 to Sunshine for the full amount of the purchase price, which Sunshine received; but, by letter of October 18, 2007, it returned the check to the U.S.P.S.

28. During the forty-five year period since the Lease was entered, the Chambersburg Main Post Office has been at its present location, and has continually provided a full range of postal services to the residents of Chambersburg and also to the residents of surrounding communities.

29. The location is unique due to its forty-five year history as the Chambersburg Main Post Office, as the source of postal services to residents of Chambersburg and of the surrounding communities, and also due to its character as a parcel of real estate.

30. The U.S.P.S. would be harmed if the contract that resulted from the Lease Purchase Option as duly exercised was not enforced because there is no other parcel of land that is identical to the Chambersburg post office, or that has its forty-five year history as the source postal services for the residents of Chambersburg and of the surrounding communities.

31. There is no sum of money that would compensate the U.S.P.S. for this harm.

32. Residents of Chambersburg and of the surrounding communities have long since grown accustomed to obtaining postal services at the present location of the Chambersburg Main Post Office, and these residents include senior citizens and handicapped individuals.

33. There is no sum of money that could compensate the public interest for this harm.

WHEREFORE, the United States, by its attorneys, respectfully requests that judgment be entered in favor of its agency, the U.S.P.S., as follows:

1. Ordering and directing the Defendant, Sunshine Development, Inc. to sell, transfer, and convey title to the land known as the Chambersburg Main Post Office to the U.S.P.S. in accordance with the Lease Purchase Option;

2. Ordering and directing the Defendant, Sunshine Development, Inc. to accept the consideration from the U.S.P.S. for the conveyance of the Chambersburg Main Post Office;

3. For monetary damages determined by the Court, in the event it finds a remedy at law is possible; and

4. For such other and further relief as this Court deems proper.

Date: November 16, 2007

Respectfully submitted,

MARTIN C. CARLSON
Acting United States Attorney

By: /s/ Michael J. Butler

Michael J. Butler
Assistant United States Attorney
Attorney I.D. 81799
United States Attorney's Office
228 Walnut Street, Ste. 220
Harrisburg, PA 17108
Tel: (717) 221-4482
Fax: (717) 221-2246
Michael.J.Butler@usdoj.gov

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES POSTAL SERVICE,** | : | **CIVIL NO. 1:07-CV-2101** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **(Conner, J.)** |
| | : | |
| **SUNSHINE DEVELOPMENT, INC.** | : | |
| | : | |
| **Defendant.** | : | **Filed Electronically** |

**JOINT CASE MANAGEMENT PLAN**

Having complied with the confer requirements set forth in Local Rule 16.3 and this Court's March 17, 2008 Order, the parties hereby submit the following Joint Case Management Plan.

**1.0 Principal Issues**

1.10 Separately for each party, please give a statement summarizing this case:

**By plaintiff**(s):

On November 7, 1962, Sunshine Development, Inc. ("Sunshine") and the United States of America (the "government") entered into a lease for the building and land located at 308 Lincoln Way East, Chambersburg, Pennsylvania. Nickson W. Oyer signed the lease as the president of Sunshine. The lease term began October 15, 1962 and contained renewal options allowing the government to extend the term by one 10-year period and four 5-year periods at specified rental rates. Importantly, the lease contained a purchase option that allowed the government to elect to purchase the property. The option at issue allowed the government to elect to purchase the property for $90,000.00. The option required that the government provide Sunshine with notice of the election at least one year in advance of that election.

In or around March 2006, Tom Russell, Manager of the USPS Eastern Facilities Service Office ($5,000,000.00 in acquisition authority) instructed USPS Real Estate Specialist Dennis Perry to begin the process for acquiring the property.

This included obtaining title work, a survey, and the internal USPS steps for arranging the financing. Mr. Perry kept the appropriate USPS personnel advised as to his progress (including Real Estate manager Jean Scholl Berg, who also had $5,000,000.00 in acquisition authority).

On September 26, 2006, Mr. Perry sent notice to Sunshine indicating that the option would be exercised. In his September 26, 2006 letter, Mr. Perry particularly noted: "This notice is provided pursuant to the terms of the subject lease, as amended." He then referenced the applicable term of the lease noted in paragraph 16.(5) and stated: "This letter is to notify you that the US Postal Service pursuant to the aforesaid provisions will be exercising its purchase rights to the subject property."

Mr. Perry was authorized to notify Sunshine of USPS's election to purchase the property. Even if Mr. Perry exceeded his authority when he notified Sunshine of USPS's intent to purchase the property, the contract is not void, but voidable at the option of the government. Courts have adopted section 7 of the Restatement (Second) of Contracts allowing the government to affirm or disavow a contract when the official who made the agreement lacked actual authority to bind the government. See Perri v. United States, 53 Fed. Cl. 381, 401 (2002); Janowski v. United States, 23 Cl. Ct. 706, 715 (1991), rev'd on other grounds, 989 F.2d 1203 (Fed. Ct. 1993); Empresas Elecs. Walser, Inc. v. United States, 223 Ct. Cl. 686, 688, 650 F.2d 286 (1980). Additionally, as the court stated in Perri, 53 Fed. Cl. at 401, the government may ratify an unauthorized or voidable contract.

USPS seeks specific performance in this Court, which cannot be granted in the United States Court of Federal Claims. This Court, on the other hand, may entertain Plaintiff's request for damages under the Contract Disputes Act and the Tucker Act.

**By defendant(s):**

The lease was for a base term of twenty years with a ten-year renewal option as well as four five-year renewal options. USPS exercised the ten year option and three of the five-year renewal options. The final renewal term exercised by USPS expired on October 14, 2007 as USPS never attempted to exercise the final renewal option. That final renewal option has now, therefore, expired. [The Postal Service remains in the property as a tenant without a lease agreement.]

Paragraph 16 of the lease agreement also contained a purchase option provision that allowed USPS to purchase the property outright at the end of the

initial lease term and at the end of each renewal term at a specified purchase price. This provision required USPS to exercise the purchase option by giving Sunshine "notice of [USPS's] election to purchase at least one year in advance of [expiration of the renewal term]." In a letter to Sunshine dated September 27, 2006, Dennis J. Perry, a USPS Real Estate Specialist, expressed the intent of the Postal Service to exercise the purchase option at the end of the term expiring on October 14, 2007. The letter stated, "This letter is to notify you that the US Postal Service . . . *will be exercising* its purchase rights to the subject property . . . ." (Italics added). Plaintiff contends that Mr. Perry was attempting to exercise the purchase option; Defendant contends that the letter was not sufficient to exercise the option. In response to correspondence from Sunshine, Mr. Perry subsequently stated in a December 6, 2006 letter that USPS had "elected to exercise its purchase option pursuant to paragraph 16(5) of the original lease." The December 6 letter was sent after October 14, 2006, the deadline specified in the lease for giving Sunshine notice of election to exercise the purchase option (i.e. one year prior to expiration of the renewal term).

In April of 2007 Sunshine learned that Mr. Perry held no contracting authority for the acquisition of real property. On May 22, 2007, counsel for Sunshine wrote to Mr. Perry, advising that Sunshine had received no notice of exercise of the purchase option "from a duly authorized Contracting Officer, therefore we expect the lease to continue in full force and effect."

Attempts by government agencies to exercise options such as the one in the Chambersburg lease agreement are strictly construed.

> The result may seem harsh, and the rules are technical. But the decisions cited make the reason clear. An option, given for consideration, binds the optionor, but not the optionee. He may, if he chooses, walk away from the deal. That is why the language of the option agreement is construed in favor of the optionor and why the courts require that the optionee comply strictly with whatever conditions the agreement imposes upon his right to exercise the option . . .

Tecom, Inc., IBCA No. 2970, 95-2 BCA ¶ 27,607. In order to properly exercise the option, the notice by which USPS as the option holder exercises its power must be unconditional and in exact accord with the terms of the agreement. New England Tank Industries, Inc. v. United States, 861 F.2d 685, 687 (Fed. Cir. 1988).

Sunshine contends that Mr. Perry's September 27, 2006 "notice" letter was not a valid exercise of the option for several reasons. First, in order to be effective,

an exercise of an option must be "unqualified, absolute, unconditional, unequivocal, unambiguous, positive, without reservation, and according to the terms or conditions of the option. . . . An acceptance of an option must be such a compliance with the conditions as to bind both parties, and if it fails to do so it binds neither." Holly Corp., ASBCA No. 24975, 83-1 BCA ¶ 16,327, at 81,159. The September 27, 2006 letter was equivocal, ambiguous and not in exact accord with the option provision which required USPS to notify Sunshine in writing of the Postal Service's "election to purchase" the property. Instead, Mr. Perry's letter simply anticipated that USPS "will be exercising its purchase rights to the subject property . . ." Mr. Perry's subsequent letter of December 8, 2006, even if considered an "unqualified, absolute" statement, came too late, as the option acceptance period had expired.

In addition, neither letter was a valid exercise of the option because Mr. Perry had no contracting authority for site acquisition. It is a fundamental principle of government contracts law that the government is bound only by agents acting within the scope of their actual authority. Federal Crop Ins. Corp. v. Merrill, 332 U.S. 380 (1947). Because Mr. Perry lacked actual contracting authority to bind USPS, his purported notice of election was subject to disavowal and was not binding on USPS. Perri v. United States, 53 Fed. Cl. 381 (2002). Moreover, there is no evidence that the actions of Mr. Perry were ratified by a USPS contracting officer with authority to do so. The contracting officers USPS alleges were involved in this transaction were not authorized to re-delegate their contracting authority to Mr. Perry and in fact did not do so. If there was ratification within the Postal Service, it was never communicated to Sunshine as an acceptance of the option.

Prior to the government's commencement of this action, on October 12, 2007, Sunshine submitted a claim under the Contract Disputes Act ("CDA"), 41 U.S.C. §§601, *et seq.*, to the USPS contracting officer. That claim requested a determination under the lease that USPS failed to properly exercise the purchase option such that the lease term expired and the compensation owed to Sunshine for USPS's continuing use and occupancy of the property was not subject to the rental amounts specified in the lease. Sunshine specifically elected its right to elect to proceed under the CDA which provides the U.S. Court of Federal Claims ("COFC") has jurisdiction over disputed claims, 41 U.S.C § 609 (a)(1). Sunshine has appealed the USPS's deemed denial of the claim to the COFC. Sunshine has also asserted additional claims against USPS in that proceeding (Fed. Cl. No. 08-22 C) seeking damages for holdover tenancy as well as a takings claim. The case is currently pending and the government has not yet responded to the complaint. Sunshine believes the COFC has jurisdiction to consider all of the claims before it

including all of the issues that are raised in this case with the exception of a claim for specific performance. Sunshine has advised plaintiff that it will stipulate that in the event the COFC determines that the purchase option was properly exercised and binding on the parties Sunshine will convey the property for the price specified in the option.

**The principal <u>factual</u> issues that the parties**

**<u>dispute</u> are:**

1.11 Whether USPS properly exercised its option to purchase the property at issue pursuant to paragraph 16 of the November 7, 1962 Lease.

1.12 Whether an authorized USPS contracting officer ratified Mr. Perry's unauthorized actions

**<u>agree</u> upon are:**

1.20 On November 7, 1962, Sunshine entered into a lease with the government.

1.21 The lease contained renewal options allowing the government to extend the term by one 10-year period and four 5-year periods at specified rental rates.

1.22 The lease also contained a purchase option (the "1962 Lease Purchase Option") in paragraph 16 that provides in pertinent part:

> In consideration of the award of this lease contract, the Government shall have the option to purchase the fee simple title to the leased premises, including the underlying land at the following respective times and prices
>
> * * *
>
> all in accordance with any applicable Federal statutes in effect now or hereafter while this lease is in effect; provided, however, that the Government shall give the Lessor notice of election to purchase at least one year in advance of the respective times set out next above.

1.23 One of the "respective times and prices" specified in the 1962 Lease Purchase Option was October 14, 2007, which is the end date of the fourth five-year renewal period, and the price was for $90,000.00.

1.24 On July 1, 1981, a Lease amendment was signed by Sunshine and USPS (the "1981 Amendment").

1.25 The 1981 Amendment included a second purchase option (the "Amendment Purchase Option") that differed from the 1962 Lease Purchase Option."

1.26 On September 27, 2006, Mr. Perry sent a letter to Sunshine.

1.27 By letter of October 18, 2006, Mr. Oyer, the president of Sunshine, replied to the September 27, 2006 Perry letter.

1.28 On December 6, 2006, Mr. Perry responded to the October 18, 2006 Oyer letter.

1.29 On May 22, 2007, an attorney representing Sunshine sent a letter to USPS.

1.30 On October 5, 2007, USPS issued Check Number 0305495318 to Sunshine for the full amount of the purchase price, which Sunshine received; but, by letter of October 18, 2007, it returned the check to USPS.

1.31 During the forty-five year period since the lease was entered, the building has served as the Chambersburg Main Post Office.

1.32 Mr. Perry did not have contractual authority for acquisition of real property.

**1.30 The principal <u>legal</u> issues that the parties:**

**<u>dispute</u> are:**

1.31 Whether USPS properly exercised the 1962 Lease Purchase Option?

1.32 Whether USPS is entitled to specific performance?

1.33 Whether this Court would have jurisdiction to decide defendant's affirmative claims arising out of this matter?

1.34 Whether venue is proper in this Court and/or whether this court should stay proceedings pending the outcome of the COFC case?

**<u>agree</u> upon are:**

1.40 At this time, the parties do not agree upon any issue of legal consequence.

1.50 Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:

Defendant believes there may be an issue with this Court's subject matter jurisdiction (principally over defendant's affirmative claims which are now pending at the COFC) and venue.

1.60 Identify any named parties that have not yet been served:

None.

1.70 Identify any additional parties that:

plaintiff(s) intends to join:

None at this time.

defendant(s) intends to join:

None at this time.

1.80 Identify any additional claims that:

plaintiff(s) intends to add:

None at this time.

defendant(s) intends to add:

None at this time, although depending on the government's response in the COFC proceeding, defendant may wish to assert its affirmative claims in this case.

**2.0 Alternative Dispute Resolution ("ADR")**

2.10 Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

ADR procedures N/A
Date ADR to be commenced N/A

Date ADR to be completed N/A

2.20 If the parties have been unable to agree on an ADR procedure, but one or more parties believe that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:

**By plaintiff:**
Both parties would like to resolve this matter amicably. Plaintiff, however, believes that an ADR procedure would not be beneficial at this time. Plaintiff suggests revisiting the issue after Plaintiff and Defendant have engaged in preliminary discovery.

**By defendant:**
Defendant would like to resolve this matter as well and has proposed a meeting of principals. Plaintiff has declined the invitation. Defendant has advised plaintiff that it is willing to participate in an appropriate ADR proceeding such as mediation. Defendant believes that an ADR proceeding should occur as early as possible in the case after limited discovery.

2.30 If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:

N/A

## 3.0 Consent to Jurisdiction by a Magistrate Judge

Indicate whether all parties agree, pursuant to 28 U.S.C. § 636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:

All parties agree to jurisdiction by a Magistrate Judge of this Court: ____Y x__N

If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:

___ Scranton
___ Wilkes-Barre
___ Harrisburg

**4.0 Disclosures**

4.100 Separately for each party, list by name and title/position each person whose identity has been disclosed.

4.101 Disclosed by Plaintiff:

| Name | Title/Position |
|---|---|
| Tom Russell | General Manager of the USPS Eastern Facilities Service Office |
| Dennis Perry | Real Estate Specialist |
| Jean Scholl Berg | Real Estate Manager (2001-2006)<br>Real Estate Specialist (currently) |
| David Hubert | President of Hubert Title Company |

4.151 Disclosed by Defendant:

| Name | Title/Position |
|---|---|
| Nickson Oyer | President, Sunshine Development, Inc. |
| Matthew R. Oyer | Superintendent, W.R. Oyer, Inc. |

4.200 Separately for each party, describe by categories the documents that have been disclosed or produced through formal discovery, indicating which categories relate (even if not exclusively) to damages:

4.201 Categories of documents disclosed by Plaintiff:

No documents have been exchanged, but the parties will exchange in a timely fashion.

4.251 Categories of documents disclosed by Defendant:

No documents have been exchanged, but the parties will exchange in a timely fashion.

4.300 Additional Documents Disclosures: Separately for each party, describe each additional category of documents that will be disclosed without imposing on other counsel the burden of serving a formal request for production of documents:

4.301 Additional categories of documents Plaintiff will disclose:

Plaintiff has informed Defendant that it will provide to Defendant the appropriate documents regarding the option to purchase the property and other documents regarding the forty-five year history of the lease.

4.351 Additional categories of documents Defendant will disclose:

Defendant has informed Plaintiff that it will provide to Plaintiff the appropriate documents it has maintained regarding the option to purchase the property and the other documents it has regarding the lease since its inception.

4.400 Separately for each party who claims an entitlement to damages or an offset, set forth the computation of the damages or of the offset:

4.401 Plaintiff's calculation of damages:

Plaintiff's damages are immeasurable. No sum of money would compensate USPS. Thus, USPS seeks specific performance of the lease purchase option.

4.402 Defendant's calculation of offset:

Defendant has not asserted a counterclaim or offset, as it had asserted its affirmative claims against USPS in the COFC case prior to answering in this case. However, Sunshine estimates that the fair market value of the property is in the approximate range of $2-3 million, and that the approximate annual fair market rental exceeds $200,000.

4.403 Counter claimant/third party claimant's calculation of damages:

See paragraph 4.402.

## 5.0 Motions

Identify any motion(s) whose early resolution would likely have a significant effect either on the scope of discovery or other aspects of the litigation:

5.10 None at this time, except that defendant may move to stay these proceedings depending in part on the government's response in the COFC case.

## 6.0 Discovery

6.100 Briefly describe any discovery that has been completed or is in process:

**By Plaintiff(s)**: None at this time.

**By Defendant(s):** None at this time.

6.200 Describe any discovery that all parties agree should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):

**By Plaintiff**: Plaintiff will depose Mr. Oyer, and any witness Sunshine asserts will support its defenses/claims.

**By Defendant**: Defendant will depose Mr. Perry, Mr. Russell and Ms. Berg concerning the circumstances of the notice of acceptance of the purchase option and contractual authority issues, and any other witness identified through discovery or who USPS asserts will support its defenses/claims.

The parties agree that they may engage in other discovery, such as requests for production of documents, interrogatories, and requests for admissions, subject to any limitations imposed in accordance with 6.500 of this Plan.

6.300 Describe any discovery that one or more parties want(s) to conduct but to which another party objects, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:

None at this time.

6.400 Identify any subject area limitations on discovery that one or more parties would like imposed, at the first stage of or throughout the litigation:

None at this time.

6.500 For each of the following discovery tools, recommend the per-party or per-side limitation (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)):

6.501 depositions (excluding the experts) to be taken by:

Plaintiff(s): 10 Defendant(s): 10

6.502 interrogatories to be served by:

Plaintiff(s): 25 Defendant(s): 25

6.503 document production requests to be served by:

Plaintiff(s): 25 Defendant(s): 25

6.504 requests for admission to be served by:

Plaintiff(s): 40 Defendant(s): 40

6.600 All discovery commenced in time to be completed by:

October 3, 2008

6.700 Reports from retained experts due:

Plaintiff: October 13, 2008
Defendant: October 27, 2008

6.800 Supplementations due on or before:

November 10, 2008

**7.0 Protective Order**

7.100 If entry of a protective order is sought, attached to this statement is a copy of the proposed order.

None at this time.

7.200 If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:

**8.0 Certification of Settlement Authority (All Parties Shall Complete the Certification)**

I hereby certify that the following individual(s) have settlement authority.

For Plaintiff:

Dennis Pfannenschmidt, Esquire
Civil Chief
Assistant United States Attorney
United States Attorney's Office
Suite 220, 228 Walnut Street
Harrisburg, PA 17108-1754
(717) 221-4482

For Defendant:

Nickson W. Oyer, President
Sunshine Development, Inc.
11993 Broad Street
Rouzerville, PA 17250
(717) 762-6811

## 9.0 Scheduling

9.1 This case may be appropriate for trial in approximately:
December 2008 Trial Term

9.2 Suggested Date for Trial:

December 8, 2008

9.3 Suggested Date for the final Pre-Trial Conference:

December 1, 2008

9.4 Final Date for joining additional parties:

None anticipated.

9.5 Final Date for amending pleadings:

None anticipated. If the COFC case does not proceed defendant may seek leave to assert its counterclaim in this proceeding. The parties agree to seek an expeditious resolution of this issue.

9.6 All potentially dispositive motions should be filed by:

November 3, 2008

## 10.0 Other Matters

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

Expert Deposition Deadline: November 28, 2008

**11.0 Identification of Lead Counsel**

Identify by name, address, and telephone number lead counsel for each party.

Michael J. Butler, Esquire
Assistant United States Attorney
PA 81799
228 Walnut Street, Suite 220
Harrisburg, PA 17108-1754
Tel. (717) 221-4482
Fax (717) 221-2246

**Attorney for Plaintiff**

Stephen B. Hurlbut, Esquire
Akerman Senterfitt Wickwire Gavin
8100 Boone Boulevard, Suite 700
Vienna, VA 22182
Tel. (703) 790-8750
Fax (703) 448-1801

**Attorney for Defendant**

Dated: April 11, 2008

/s Michael J. Butler
Attorney for Plaintiff

Dated: April 11, 2008

/s Stephen B. Hurlbut
Attorney for Defendant

**Both counsel are ECF participants**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES POSTAL SERVICE,** | : | **CIVIL ACTION NO. 1:07-CV-2101** |
| **Plaintiff** | : | |
| | : | **(Judge Conner)** |
| v. | : | |
| | : | |
| **SUNSHINE DEVELOPMENT, INC.,** | : | |
| **Defendant** | : | |

## CASE MANAGEMENT ORDER

1. **COUNSEL AND PRO SE LITIGANTS ARE RESPONSIBLE FOR READING THIS ENTIRE ORDER.**

| | |
|---|---|
| Non-Jury Trial Date | February 23, 2009, at 9:30 a.m. |
| Fact Discovery Deadline | October 3, 2008 |
| Dispositive Motions and Supporting Briefs | October 20, 2008 |
| Motions *in Limine* and Supporting Briefs | January 16, 2009 |
| Pretrial Conference | February 18, 2009, at 11:00 a.m. |
| Pretrial Memoranda | February 11, 2009, by 12:00 p.m. |
| Plaintiff's Expert Report(s) | October 20, 2008 |
| Defendant's Expert Report(s) | November 20, 2008 |
| Supplemental Expert Report(s) | December 5, 2008 |

2. The captioned case is placed on the **February 2009** trial list, with trial to commence **at 9:30 a.m. on Monday, February 23, 2009**. This case is listed non-jury. Trials will follow the completion of all jury selections which are scheduled to commence at **9:30 a.m. on Monday, February 2, 2009**, in Courtroom No. 2, Ninth Floor, Federal Building, Third and Walnut Streets, Harrisburg, Pennsylvania. Counsel should note that criminal matters take priority and may delay the beginning of the civil trial list.

3. The court issues this order pursuant to Rule 16 of the Federal Rules of Civil Procedure. The views of counsel of all represented parties, as to how and on what schedule pretrial matters should be conducted, have been solicited at the scheduling conference. Counsel shall not mutually agree to extend **any** time periods covered by this order, the local rules, or the Federal Rules of Civil Procedure without the approval of the court. **Requests for extensions of the following time periods will not be granted except under exceptional circumstances and must comply with Local Rule 7.5. All written requests for continuance of discovery deadlines or trial shall be signed by counsel in conformity with the Civil Justice Reform Act of 1990, 28 U.S.C. § 473(b)(3). Furthermore, all requests for extensions of the discovery deadline must be made at least thirty (30) days prior to the expiration of the discovery period. The court will entertain a conference call, if agreed upon by counsel, to resolve time periods and discovery issues**.

4. **DISCOVERY:**

(a) Counsel shall note that this district has **not** opted-out of Federal Rule of Civil Procedure 26.

(b) Counsel shall not cease active discovery pending disposition of a motion to dismiss.

(c) All fact discovery shall be completed by **Friday, October 3, 2008**, and shall be completed by the parties expeditiously and diligently. **In the**

**event that discovery disputes arise and are not resolved after counsel attempt in good faith to do so, the matter shall be brought before the court by way of telephone conference rather than through the filing of formal motions.**

(d) Plaintiff's expert report(s) shall be due on or before **Monday, October 20, 2008.**

(e) Defendant's expert report(s) shall be due on or before **Thursday, November 20, 2008**.

(f) Supplemental/rebuttal expert report(s) shall be due on or before **Friday, December 5, 2008.**

5. MOTIONS:

(a) Dispositive motions and supporting briefs must be filed by **Monday, October 20, 2008**. If both a dispositive motion and its supporting brief are not filed on or before the aforementioned deadline, the motion will not be accepted, absent prior leave of court. Briefs in support, in opposition and in reply to summary judgment motions may be up to 15 pages in length, pursuant to Middle District Local Rules. In multiple defendant cases, any defendant contemplating a dispositive motion shall confer with other defense counsel and shall agree to file joint motions and briefs whenever possible. Those parties needing to brief separate issues may do so by filing separate

briefs. Parties filing motions for summary judgment shall comply with Middle District Rule 7.4.

(b) Motions in limine **and** supporting briefs shall be filed no later than **Wednesday, January 16, 2009**. Motions to exclude expert testimony, which require a Daubert hearing, shall be filed no later than thirty days from receipt of the expert report.

6. PRE-TRIAL MATTERS:

(a) A pretrial conference will be held on **Wednesday, February 18, 2009, at 11:00 a.m.**, in Courtroom No. 2, Ninth Floor, Federal Building, Third and Walnut Streets, Harrisburg, Pennsylvania. **Counsel as well as litigants must be present at this conference in order to have effective settlement discussions.**

(b) Local Rule 16.2, as it relates to settlement authority, will apply to this conference.

(c) On or before **12:00 p.m. on Wednesday, February 11, 2009**, each party shall file through the Clerk of Court the original and two copies of a pretrial memorandum; said filing shall otherwise be in conformity with the local rules. Failure to timely file pretrial memoranda will result in an appropriate sanction. Fed. R. Civ. P. 16(f).

(d) In non-jury cases, counsel shall meet within four (4) weeks after the close of discovery and discuss settlement. Subsequent to that meeting,

counsel shall notify this court if they would like the assistance of the United States Magistrate in conducting a formal settlement conference.

(e) **THREE WEEKS prior to the date scheduled for the submission of the pretrial memoranda, counsel for the parties shall hold the attorneys' conference required by Local Rule 16.3**. This conference shall be face-to-face unless the court, upon written request, approves another arrangement. Failure of the plaintiff to initiate the holding of the conference or the defendant to respond to such initiative in an appropriate manner may result in the imposition of sanctions, including possible dismissal of the action.

(f) Counsel who will try the case shall attend the pretrial conference unless the court, upon written request, approves the substitution of another attorney who is fully familiar with the case and has the settlement authority required by Local Rule 16.2. A copy of the local rules may be obtained from the Clerk of the Court by writing: Clerk of Court, Federal Building, P. O. Box 983, Harrisburg, Pennsylvania 17108-0983.

(g) At the pretrial conference, counsel for the plaintiff shall be required to set forth the elements of the particular type of claim (or claims) being made. Counsel for the defendant shall be required to identify any legal defenses he/she expects to make. It should be noted that the court expects to hold counsel for both sides to the course they outline here unless good cause

is shown for allowing additional legal theories, claims and/or defenses to be argued at trial and unless this court is apprized of these additional legal theories, claims and/or defenses in sufficient time to consider and evaluate them before trial.

7. Counsel and pro se litigants are requested to file all documents in this case with the Clerk of Court, P. O. Box 983, Room 1060, Federal Building, Harrisburg, PA 17108. Do not send courtesy copies directly to the court unless requested by the court.

8. If the parties intend to use depositions at trial in place of live testimony, they shall review the depositions prior to the time of trial. If there are objections which cannot be resolved among counsel, said objections and copies of the relevant depositions shall be submitted to the court at least fifteen (15) days prior to trial. Where counsel have failed to meet the time requirement in this paragraph, the court may, in its discretion, deem the objections withdrawn. If the depositions to be used are videotaped, a transcript must be provided to the court in advance of trial.

9. Videotape equipment shall be set up in the courtroom prior to the commencement of trial in the morning, if its use is anticipated in the morning, or during the lunch break, if its use is anticipated in the afternoon.

10. Prior to the commencement of trial, counsel shall submit three (3) complete exhibit lists (see attached form) and three (3) complete sets of exhibits for the court's use, in addition to the original which will be offered into evidence.

*Pre-Trial Memo forms are available on our website: **http://www.pamd.uscourts.gov**

S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated: April 17, 2008

**This Case is Placed on the Standard Track**

Chambers - Phone (717) 221-3945; Fax (717) 221-3949
Judge Conner's Courtroom Deputy - Phone (717) 221-3920

(JUDGE CONNER)

Page ___ of ____

**EXHIBIT LIST**

Case Name: ____________________________

Case Number:__________________________

| Plaintiff | Defendant | Description of Item | Identified | Ruling | Evidence | Witness |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

**CERTIFICATE OF ELECTRONIC FILING**

I hereby certify that on the 6th day of MAY, 2008, a copy of the foregoing "DEFENDANT'S MOTION TO STAY PROCEEDINGS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Lauren S. Moore