**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **SUNSHINE DEVELOPMENT, INC.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Fed. Cl. No. 08-22C** |
| | ) | |
| **THE UNITED STATES** | ) | **(Judge Hewitt)** |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STAY PROCEEDINGS**

For the reasons set forth herein, plaintiff does not oppose defendant's Motion to Stay Proceedings.

Defendant has filed a Motion to Stay Proceedings in this case while proceedings on the Postal Service's action for specific performance of the lease purchase option are pending in the U.S. District Court for the Middle District of Pennsylvania ("the district court action"). Plaintiff properly invoked the provisions of the Contract Disputes Act ("CDA") by submitting a CDA claim to the contracting officer on or about October 14, 2007. (Complaint, ¶ 4; Exhibit 1 to Complaint) This was approximately one month prior to the government's filing of the district court action on or about November 16, 2007. (Exhibit 1 to Defendant's Motion to Stay, p. 8) (The complaint in the district court action was not even formally served until on or about January 18, 2008, a week after plaintiff's commencement of the action in this Court on January 11, 2008.) Hence, plaintiff properly elected to have all matters pertaining to its claim decided within the framework of CDA, including judicial review pursuant to CDA by the United States Court of Federal Claims as opposed to the district court. The government's filing of the district court

action one month subsequent to plaintiff's election of CDA, combined with its motion for a stay in this Court, effectively constitutes an end-run on plaintiff's statutory right to elect the provisions of CDA and thus have its dispute (including its central issues of contracting authority and proper exercise of the purchase option under the lease agreement) decided by this Court.

Defendant asserts that plaintiff opposes this motion. Actually, defendant's counsel orally advised that the government intended to seek dismissal of this case under 28 U.S.C. §1500 because plaintiff should have asserted its claims as counterclaims in the district court action. Plaintiff's counsel responded that plaintiff believed the Court of Federal Claims had jurisdiction over this case in light of plaintiff's CDA election (one month prior to the filing of the district court action). Plaintiff's counsel does not recall any discussion of a possible request for a stay.

Notwithstanding plaintiff's proper election of CDA and its desire to have this dispute decided by this Court, plaintiff has limited resources available to litigate this matter and does not wish to expend what funds it has to resolve what are essentially ancillary procedural disputes. Therefore, plaintiff hereby advises the Court that it does not oppose defendant's motion to stay this case. Plaintiff further wishes to advise the Court that plaintiff may need to request relief from the stay or to amend or lift the stay depending on developments in the district court action. Such request may include a motion to transfer some or all of plaintiff's claims or other matters.

Dated: June 2, 2008

Respectfully submitted,

s/ Stephen B. Hurlbut

Stephen B. Hurlbut, Esquire
**AKERMAN SENTERFITT WICKWIRE GAVIN**
8100 Boone Boulevard, Suite 700
Vienna, Virginia 22182
(703)790-8750 (phone)
(703)448-1801 (fax)
E-mail: steve.hurlbut@akerman.com